Date Signed:
February 27, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PACIFIC RIM PROPERTY SERVICE CORPORATION<br><br>Debtor. | Case No.: 19-01051<br>Chapter<br><br>Re: Docket No. 47 |

## ORDER DENYING MOTION TO RECONSIDER

William Howard Gilliam filed a motion to reconsider or for new trial pursuant to rules 9023 and 9024, Fed. R. Bankr. P., regarding the order granting relief from stay filed by the Association of Apartment Owners of Kuhio Shores At Poipu ("AOAO").[1]

Mr. Gilliam states that sufficient grounds exist to reconsider the court's ruling because of excusable neglect. Mr. Gilliam assumed the AOAO's hearing was

---

[1] The motion to reconsider was filed on February 21, 2020 (dkt. 47), prior to entry of the order granting relief from the stay, which was filed on February 24, 2020. ( dkt. 50). However, the motion will be reviewed as reconsideration of the order.

rescheduled based on his opposition memorandum's request for a continuance. He also asserts that he has been busy focusing on the aftermath of a recent burglary. He also contends that reconsideration should be granted because Hawaii law[2] gives deference to him as a party with standing to object to the AOAO's motion.

Rules 9023 and 9024, Fed. R. Bankr. P., typically governs the court's ability to review its own orders and/or judgments. To obtain reconsideration under rule 9023, the moving party must demonstrate: "(1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence."[3] There is no error of fact or law and no newly discovered evidence that would support reconsideration under Rule 9023.

The Hawaii statute cited by Mr. Gilliam does not support his position as there is no evidence that he was appointed as trustee or receiver for the debtor. On the contrary, the state court appointed George R. Robinson as the receiver in the AOAO's foreclosure action, against the real property owned by the debtor, not Mr. Gilliam. Lastly, Mr. Gilliam asserts in his own bankruptcy case that he, not the corporate debtor owns the real property that is the subject of the AOAO's motion.[4] I will not allow Mr. Gilliam to take contradictory positions depending on what serves his purpose.

---

[2] Mr. Gilliam cites to Haw. Rev. Stat. § 414-422(b) as the basis for standing.

[3] *Hansen v. Moore* (*In re Hansen*), 368 B.R. 868, 878 (B.A.P. 9th Cir. 2007)

[4] *In re Gilliam* (Bankr. Case No. 19-01366).

2

Rule 9024 carries a strong public interest that favors the finality of judgments. Relief from a judgment or order is only allowed in certain circumstances.[5] None of the extraordinary circumstances warrant reconsideration under rule 9024.

IT IS HEREBY ORDERED that Mr. Gilliam's motion to reconsider or for new trial is DENIED.

END OF ORDER

---

[5] *Sallie Mae Servicing, LP v. Williams et al. (In re Williams)*, 287 B.R. 787, 792 (B.A.P. 9th Cir. 2002).

3

U.S. Bankruptcy Court - Hawaii   #19-01051   Dkt # 53   Filed  02/27/20   Page 3 of 3